## WILLIAM G. SIMPSON

### *v.*

## THE VITAPHONE COMPANY.

[Decided October 26th, 1917.]

If a lawyer is appointed receiver, it is improper for him to employ another attorney, unless in exceptional cases, and he has permission by order of the court so to do.

Receiver *pro se.*

STEVENS, V. C.

This is an application for an allowance to the receiver for his services and disbursements and to counsel for their services. The receiver asks for $750 for his work done during the month

of June, and the solicitors of the Venino Brothers, assuming to represent him, ask a counsel fee of $650.

I have carefully gone over the record in the above case and in the case of Venino Brothers against the same company. The first bill, praying that the defendant company be declared insolvent, filed on May 23d, by Mr. Crane as solicitor, was necessary. The second bill, praying the same relief, filed on May 29th, on a claim of $67.50, was unnecessary. The receiver states that when the solicitors therein filed the second bill they were not aware of the filing of the first bill. The receiver was appointed on May 31st, on the application of the solicitors in both cases, and the two cases were consolidated.

On May 31st a petition in bankruptcy was filed and a restraining order made thereon. The order (dated June 4th) directed that the receiver and his solicitors refrain from taking any action in the receivership other than to preserve the assets. On June 9th an application was made to this court for a rule to show cause why Mr. Nash, who, as I understand, was the solicitor in the bankruptcy proceeding, should not be directed to pay to the receiver $526.35—money it was said that he had received as the result of a chattel mortgage foreclosure. This application, if not in violation of the order in bankruptcy, was irregular and was subsequently discharged.

I do not find in the record that any other action was taken on the receiver's behalf. Indeed, no other action could have been taken without violating the order of the bankruptcy court. The duty of the receiver was by that order strictly limited to the preservation of the assets until the appointment of a trustee in bankruptcy. Under these circumstances, I fail to see any justification for a counsel fee such as that asked for. A counsel fee is given for service by counsel in this court. If the solicitors have rendered valuable service, redounding to the benefit of the creditors, in the bankruptcy court, it will, I presume, be allowed for there. As the application made to the court, in Mr. Nash's case, did not accord with the methods pointed out in our Corporation act, I do not see why the fund for the benefit of creditors should be diminished to pay for it. Moreover, the court appointed as receiver a lawyer of experience. It did this, as it has done in

many other cases, to avoid double expense. A winding up proceeding ordinarily requires, at every stage of it, the services of counsel. The appointment of a layman, necessarily guided and directed by counsel, involves unnecessary expense, unless something more is to be done than to collect outstanding claims, adjust controversies, sell the assets and distribute the money. If a lawyer be appointed, it is, unless the case be out of the ordinary, and he, by special order be permitted to retain counsel, obviously improper for him to employ another to do the work that he is expected to do himself. In the case in hand, as far as I can see, the receiver's task was simple and limited. He did not need counsel's assistance.

Under these circumstances, the receiver will be allowed for his services, which were, undoubtedly, valuable, $500. To the solicitor of the Venino Brothers, who did not know of the filing of the first bill, there will be allowed $50, and to Mr. Crane, who applied for the order to show cause, $100. They will also be entitled to their taxed costs, except the cost of the proceeding against Mr. Nash.